The PEOPLE of the State of
Colorado, Complainant,

v.

Richard L. BARR, Attorney–Respondent.

No. 98SA106.

Supreme Court of Colorado,
En Banc.

April 27, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Max I. Exline, Pueblo, for Attorney–Respondent.

PER CURIAM.

The complainant and the respondent in this lawyer discipline case entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. In approving the conditional admission, an inquiry panel of the supreme court grievance committee recommended that the respondent be publicly censured. We accept the conditional admission and the recommendation.

I

The respondent was admitted to practice law in this state in 1987. The conditional admission provides that in September 1994 a client was referred to the respondent by her legal services plan. The client wanted to recover damages she allegedly suffered as a result of the defendant's breach of a series of dog-breeding contracts. The client paid the respondent $500 in November 1994. In his analysis of discipline, the assistant disciplinary counsel states that there was no written fee agreement and that there was no clear understanding of how the funds were to be treated. Whether the $500 was to be a minimum retainer for taking the case, a flat fee, or an advance fee, was not explicitly agreed on between the respondent and his client. In any event, the respondent deposited this $500 into his operating account, but the complainant indicates that there is no evidence that the respondent converted any of the funds.

Over the next several months, the client, who lived out-of-state, experienced difficulty in contacting the respondent about the status of her case, so in the spring of 1995 she contacted the legal services plan. A representative of the plan contacted the respondent and he prepared and filed a complaint in county court. After reviewing the complaint, the client advised him that it had deficiencies.

On June 22, 1995, the respondent sent a letter to the client which stated that he was enclosing a check in the amount of $500 as a refund of her fee, and that he was withdrawing from the case. The respondent's secretary states that she enclosed the check. The client indicates that she received the letter, but no check. In any event, the check was never cashed.

There were no further communications between the respondent and client. The respondent did not file a motion to withdraw in the dog-breeding case, nor did he comply with the notice requirements of C.R.C.P. 121 § 1-1. The county court sent the respondent notice on May 9, 1996, that the case

would be dismissed for failure to prosecute on June 10 unless a written response showing cause why it should not be dismissed was received. The respondent did not respond to the notice and he did not notify his client. On June 11, 1996, the client's case was dismissed without prejudice.

Following the client's filing of a request for investigation in February 1997, the respondent sent a check for $500 to the Office of Disciplinary Counsel payable to the client.

The respondent has stipulated that the foregoing conduct violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to communicate with a client); Colo. RPC 1.15(a) (failing to keep client funds separate from the lawyer's own property); Colo. RPC 1.16(d) (failing to take reasonable steps to protect a client's interests upon termination of representation); and Colo. RPC 8.4(d) (engaging on conduct prejudicial to the administration of justice).

## II

The inquiry panel approved the conditional admission, including its recommendation of a public censure. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992), in the absence of aggravating or mitigating factors, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43.

The respondent received a private censure in January 1997 for similar misconduct that occurred about the same time as the events in this case. There is therefore a pattern of misconduct, which is an aggravating factor for determining the proper level of discipline. *See id.* at 9.22(c). In mitigation, the complainant notes the respondent's difficulties in reaching his out-of-state client, and in handling the client's lawsuit which was based on poorly drafted contracts. In addition, the respondent was experiencing health and emotional problems at the time of the misconduct, *see id.* at 9.32(c), and he has cooperated in these proceedings, *see id.* at 9.32(e). According to the complainant, the client suf-

fered little actual harm because the action was dismissed without prejudice, the client was intent on having the case filed in district court rather than in county court as the respondent found appropriate, and the respondent has refunded the $500, *see id.* at 9.32(d). Finally, the respondent has a long history of providing legal services on a pro bono basis in Pueblo County. *See id.* at 9.32(g).

Considering the seriousness of the misconduct together with these mitigating factors, we agree that a public censure is adequate discipline. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III

The respondent, Richard L. Barr, is hereby publicly censured. It is further ordered that Barr pay the costs of this proceeding in the amount of $347.42 within thirty days after this opinion is announced to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.